Argued April 8, affirmed May 12, petition for rehearing
denied June 22, 1965

# INDUSTRIAL LEASING CORPORATION *v.*
# ROBERTS MYRTLEWOOD FACTORY,
# INC.

401 P. 2d 698

See also 237 Or. 376, 391 P.2d 744.

578

*Morgan S. Pritchett,* Portland, argued the cause and filed the brief for appellant.

*Clifford E. Nelson,* Portland, argued the cause for respondent. With him on the brief were Phelps, Nelson & Shepherd, Portland.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN and HOLMAN, Justices.

HOLMAN, J.

On September 27, 1961, plaintiff leased two items of office equipment to defendant for a period of sixty months commencing October 1, 1961, at a monthly rental of $16.12. The contract contained the following provision setting forth plaintiff's remedies in case of default:

> "Lessee agrees that should the lessee fail to pay any part of the rentals herein reserved, * * * within 10 days after the due date thereof * * * the lessor shall have the right to (1) take possession of said personal property * * * and notwithstanding such, lessee shall remain and be liable for the payment of the total rent therefor, and (2) sell said personal property or any portion thereof, and after deducting all cost and expenses in connection therewith, together with an amount equal to ten per cent (10%) of the actual cost to the lessor of the equipment sold, to credit the net proceeds of such sale to the payment of the obligation of the lessee hereunder * * *."

The contract contained no provision for the acceleration of future rental payments in case of default.

Defendant defaulted in its payments of rental. On March 28, 1963, plaintiff brought an action in the small claims department of the District Court for Multnomah County for rent due for the months of February and March of 1963 and received judgment which was paid. On May 9, 1963, another action was commenced for an additional month's rent which was dismissed by the court without prejudice. On August 7, 1963, plaintiff instituted this action in Circuit Court for rent for each and every month during the balance of the contract.

To this complaint defendant filed two affirmative answers setting up the two prior actions in the District Court. Plaintiff demurred to these answers and the demurrers were sustained. Defendant's first assignment of error contends that the trial court should not have sustained the demurrers. Defendant urges that at the time of the two prior actions defendant's breach was total, that all payments under the contract were then due and owing, that therefore plaintiff, by suing for less than was due, waived all rights to the difference now sought to be recovered. Defendant contends that to allow this action permits plaintiff to split its cause of action to defendant's detriment.

█ Corbin on Contracts discusses the matter as follows in Volume 3A, § 698, page 300:

"Can more than one action be maintained for breaches of one contract? There are procedural rules against splitting a cause of action. When do successive failures to perform as required by one contract constitute several 'causes of action'? It will not now be questioned that one who promises to pay in stated instalments for goods sold or for land conveyed can properly be sued for each instalment as it falls due. Under a leasehold contract, the landlord can get separate judgment for each month's rent as soon as it is in default. For the

> purpose of remedy, these contracts may be said to be 'divisible,' even though there was only one contract for the sale of a single bill of goods or for the creation of a single leasehold estate. And yet, in these cases, if the seller or the landlord brings no suit until after the due date of the last instalment, he can maintain but one action. For the purpose of remedy, the contract may no longer be said to be 'divisible.' In truth the contract is the same in each case; its character is not changed by the creditor's forebearance to sue. The debtor promised to pay in separate instalments; they fell due at separate times; and each failure to pay was a breach for which we now think that justice requires an immediate remedy. After several successive failures, without suit brought, justice still requires an immediate remedy but only one remedial action."

There appears to be no reasonable ground of difference between the illustrations in Corbin and the factual situation in this case. In the absence of circumstances relating to breach other than the nonpayment of rent, plaintiff would be permitted to bring an action for each payment as it became due.

■ In order to constitute an anticipatory total breach the conduct must have shown a positive, definite, absolute, unconditional and unequivocal intent not to perform in any event. *Mohr v. Lear,* 239 Or 41, 395 P2d 117 (1964); *Swick v. Mueller,* 193 Or 668, 676, 238 P2d 717 (1952).

Defendant contends, however, that there are circumstances other than the failure to make payments and that the breach was total because the bailed articles were returned to and accepted by plaintiff and that this relinquishment of possession was a repudiation by defendant of the contract to make future payments that amounted to an anticipatory breach which ac-

celerated the balance of the payments, making them due prior to plaintiff's commencement of the first action.

Defendant's answers may have been proper on their faces and not subject to demurrer because they allege as a fact that the amount sued for in this case had accrued prior to the actions in district court. However, defendant asked for and was granted an opportunity to make an offer of proof upon behalf of its answers to which demurrers had been sustained. This is an unusual procedure that is novel to the court, but which served a useful purpose in this case as we now have all the proof which would have been available had the answers not been demurred out.

From the evidence we can say that even if the demurrers were improperly sustained, defendant was not prejudiced thereby as its proof falls short of that which was necessary to sustain its answers. The evidence does not show that the bailed articles were returned prior to the dates that the two actions were instituted in district court. It shows only that the bailed articles were returned prior to June 4, 1963, which was almost a month subsequent to the last action in district court. Therefore there is no proof that the circumstances which are depended upon to prove the total breach were in existence at the time of the prior actions in district court. It is therefore unnecessary for the court to decide whether, under the circumstances, the return and acceptance of the bailed articles constituted an anticipatory repudiation amounting to a total breach.

The next assignment of error is that defendant's motion for a nonsuit was denied. The assignment contends that plaintiff's evidence showed that defendant was not in default at the date the present action was

instituted as there were adequate funds in plaintiff's hands, for which defendant was entitled to credit, to make the monthly payments past that date.

■ Including the two payments which were secured through judgment in district court and applying the deposit of $16.12 there were 19 payments made. This would pay the rent to May 1, 1963. The bailed property was sold under the terms of the contract for a net of $95. From these proceeds 10 per cent of the original cost of the articles, or $69.47, had to be deducted. The difference of $25.53 was applied to rent for May and left $9.41 to apply on June. This case was filed August 7. It is apparent the contract was in default and the motion was not well taken.

Absent an acceleration clause, there is doubt whether the plaintiff may properly recover, at the time of the institution of this action, for all payments of future rent provided in the contract. However, the measure of damage issue has not been made the basis of an assignment of error on appeal. The lack of such an issue can be understood because by the time the appeal in this court will have been completed most of the payments will have become due and, were recovery for future installments denied, another action would ensue.

The judgment of the trial court is affirmed.